UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GERARDINE E. TILLEY, | ) | Civil Action No. 04-CV-11220-NG |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S MEMORANDUM** |
| | ) | **IN RESPONSE** |
| 1836 COUNTRY STORE, *et al.*, | ) | **TO MOTION TO DISMISS** |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

In this action, Plaintiff Gerardine E. Tilley ("Ms. Tilley") has filed a complaint (the "Complaint") in connection with damages that she has suffered from Defendants' purchase and resale of items bearing unauthorized copies of her copyright-protected Harbortown Border design (the "Tilley Design"). The actual party in interest in this matter, however, is the U.S. Fire Insurance Company, insurer of Dennis East International Inc., who is obligated to defend and indemnify each Defendant.[1] See Exhibit A (hereinafter, "Dennis East Letter"). No answer to the Complaint has yet been filed on behalf of Defendants. Instead, without conferring with Plaintiff's counsel as required by Local Rule 7.1(A)(2), Defendants' counsel have filed a motion with this Court asking that the Court dismiss Ms. Tilley's Complaint against all Defendants because, they claim, this Court lacks jurisdiction against some of them. See Motion to Dismiss Complaint (Aug. 9, 2004) [hereinafter "Defendants' Memo"].[2] Defendants' Memo does not

---

[1]  In addition, it appears that the law firm that represents U.S. Fire Insurance Company now controls this litigation, nominally in the name of the Defendants. See Exhibit A.

[2]  Defendants' Memo contains a number of curious accusations, including that Plaintiff's Complaint "baldly asserts" certain jurisdictional facts and that she "attempts to gloss over her obligations" with respect to proving those facts. See Defendants' Memo at 2. Such inflammatory assertions suggesting disingenuousness with respect to a *Complaint* seem inappropriate, and Plaintiff requests that the Court caution against them. Plaintiff's counsel does not understand any requirement, or even custom, that evidence in support of allegations in a Complaint be included with that Complaint. Instead, we understand that there is an assumption of good faith, consistent with Rule 11, with respect to such allegations and that evidence in support of, or in opposition to, those allegations is to be respectfully collected and exchanged during discovery and presented with or in response to motion or at trial.

identify who it is among the Defendants over which the Court allegedly lacks jurisdiction, nor does it explain why it is that this mysterious group should provide the basis for dismissal of the Complaint against them all. The following discusses why, in any event, Defendants' Motion must fail, as to each of them.

FACTS

Each Defendant is a party in this action because the records of Dennis East show that the Defendant purchased, for resale, commercial items from Dennis East bearing the Tilley Design (each such item hereinafter an "Infringing Item"). See Exhibit B. Prior litigation has established that the items that Dennis East sold to Defendants bearing the Tilley Design constituted a violation of her copyright in that design. See Exhibit C.

Dennis East is located in Massachusetts. See Exhibit A. All Infringing Items that Defendants purchased apparently were purchased in Massachusetts and shipped from Massachusetts.[3] Defendants purchased the Infringing Items with the intent to resell the Items, and each Defendant did, in fact, resell those items.[4] Those purchases were made in reliance upon an express or implied contract, presumably governed by Massachusetts law.[5] Pursuant to that law, those purchases were necessarily premised, at least in part, upon a warranty that Dennis East provided to each Defendant, imposed by Massachusetts law, that the items that it sold were free of any rightful claim of infringement by any third party. See Mass. Gen. L. ch. 106, §2-312; see also U.C.C. §2-312(3) (1992).[6] Ms. Tilley is a Massachusetts resident, and during all times that

---

[3]  If Defendants contest this issue, Plaintiff requests an opportunity to conduct discovery potentially relevant to that issue.

[4]  See footnote 1.

[5]  See footnote 1.

[6]  Recent correspondence between Dennis East and each Defendant shows that Dennis East understands that it has an obligation to defend and indemnify each Defendant against Plaintiff's claims of copyright infringement, and that Dennis East's insurer is, in fact, providing such defense and indemnification. See Exhibit A. That the defense and

2

Defendants purchased and resold the Infringing Items she resided in Massachusetts. See Exhibit D. As a result of each Defendant's purchase and sale of the Infringing Items, Ms. Tilley suffered injury. See *id.* Thus, but for each Defendant's knowing and intentional transaction of business in Massachusetts pursuant to a Massachusetts contract in at least partial reliance upon a warranty imposed by Massachusetts law that each Infringing Item was not, in fact, infringing of any third party rights, each Defendant would not have injured Plaintiff, a Massachusetts resident, through the interstate trafficking of Infringing Items for profit.

**ARGUMENT**

**I.    Defendants' Motion Must Be Dismissed for Failure to Comply with Local Rule 7.1(A)(2).**

Local Rule 7.1(A)(2) of this Court prohibits counsel from filing a motion with this Court unless counsel certify that they have conferred and attempted in good faith to resolve or narrow the issue addressed by the motion. Defendants' counsel did not attempt any such conference with respect to the motion currently before the Court, and thus they have not provided the required certification. See Defendants' Memo. For this reason alone, the Court must deny Defendants' motion. In addition, the Court should impose sanctions upon Defendants, either in the form of payment of Plaintiff's attorneys' fees and costs for the wasted resources her counsel has spent responding to the motion, or in the form of payment directly to the Court. See *Converse Inc. v. Reebok Int'l Ltd.*, 2004 U.S. Dist. LEXIS 15100 (D. Mass., Aug. 5, 2004) (accepting, in pertinent part, Magistrate's recommendation for sanctions, but imposing those sanctions in the form of a fine of $15,000). Sanctions are particularly appropriate in this case,

---

indemnification is being provided pursuant to a legal obligation to do so is apparent from the fact that Dennis East's *insurer* is providing such defense and indemnification, which it clearly could not do, consistent with its obligations to its shareholders, as a mere courtesy to Dennis East's customers.

where Defendants' obviously over-broad motion easily could have been narrowed or avoided by timely conference of the parties.[7]

## II.    Defendants' Motion Must Be Denied As Facially Over-Broad and Contrary To Undisputed Evidence in the Record.

Nowhere is it apparent in Defendants' Memo why Plaintiff's Complaint should be dismissed against all Defendants.[8]  Indeed, on the very first page of the memorandum, they concede that "defendants do not contest jurisdiction over those defendants domiciled within Massachusetts."[9]  Defendants' Memo at 1 n. 1.  Defendants' counsel count nineteen such parties who reside in Massachusetts, whom they decline to identify.  Id.  Thus, with respect to at least nineteen Defendants, there is no dispute that this Court may properly exercise personal jurisdiction over the parties.  Obviously, with respect to those Defendants, the motion is patently frivolous.  See Exhibit E (listing 16 of the Defendants for whom Dennis East records, taken from Exhibit B, show Massachusetts business addresses).

In addition, although not specifically identified by Defendants in their memorandum, there apparently are at least four Defendants who admit, and four who do not deny, that they have a "facility in Massachusetts," "regularly do or solicit business in Massachusetts," and/or "derive a substantial amount of its revenue from goods sold or services rendered in Massachusetts."  See Defendants' Memo, Affidavit of Joseph C. Abate, table and attached "affidavits"; see also Exhibit F (showing a tabular summary of these Defendants).  Surely

---

[7]  Consideration of such sanctions should be separate from whether Defendants should be sanctioned under Rule 11 for submission of this motion, at least with respect to those Defendants that reside in Massachusetts or whose significant contacts with Massachusetts have been admitted or otherwise are obvious.  See infra, § II.

[8]  In support of their motion, counsel for Defendants have submitted a document, labeled "affidavit," from less than one-half of the Defendants.  See Defendants' Memo, Affidavit of Joseph C. Abate, table and attached "affidavits."

[9]  Defendants in their memorandum state that 214 Defendants returned the "affidavits," see Defendants' Memo at 16, and the table provided with Mr. Abate's affidavit lists 214 parties.  One of the 214 parties listed is "1836 Country Store."  The word "No," however, is entered in the "AFFID" column for "1836 Country Store" in Mr. Abate's table, and we have found no affidavit from this party in the exhibit included with Mr. Abate's affidavit.

4

Defendants cannot, in good faith, suggest to this Court that it does not also have jurisdiction over these Defendants with respect to this matter.

Remarkably, although not discussed by Defendants, there also are at least 58 Defendants who already admit that they "did . . . sell items that are the subject of this Complaint in Massachusetts." See Defendants' Memo, Affidavit of Joseph C. Abate, attached "affidavits"; see also Exhibit G (showing a tabular summary of such Defendants). Many of these parties also have admitted that they "have a web site that can be accessed by Massachusetts residents." See Defendants' Memo, Affidavit of Joseph C. Abate, attached "affidavits" and summary table. We doubt that Defendants can, in good faith, suggest that this Court does not have jurisdiction over parties that knowingly bought Infringing Items in Massachusetts, operated a web site that is accessible by Massachusetts residents, sold at least some of the Infringing Items in Massachusetts, and, by so doing, harmed a Massachusetts resident.

## III.    Defendants' "Affidavits" Do Not Provide Credible Support For Denying Jurisdiction Over Any Party To This Litigation.

Correspondence from U.S. Fire Insurance Company's insured, Dennis East, shows that it or its counsel prepared the form document that Dennis East sent to each Defendant with the promise that U.S. Fire Insurance Company would indemnify the Defendant. See Exhibit A.[10] The form provided with that letter is simply a series of self-serving assertions that someone on behalf of the Defendant is either to admit or deny by checking corresponding boxes. See Defendants' Memo, Affidavit of Joseph C. Abate, attached "affidavits." The Dennis East Letter suggests that "[t]he affidavit will help us determine whether jurisdiction in Massachusetts is appropriate for your company," and promises that, "[f]or companies without sufficient ties to

---

[10]  This correspondence appears to misrepresent the outcome of the prior litigation between Ms. Tilley and Dennis East in that it failed to note that Dennis East was found liable for infringement on the basis of the design at issue in this matter and was ordered to pay damages; instead, the letter simply characterizes the jury verdict as "favorable."

Massachusetts" (obviously as determined by which blocks on the "affidavit" the Defendant checks), Dennis East's attorney would seek dismissal of the claims against that Defendant. *Id.* The "affidavit" does not indicate that the supposed averments are made with personal knowledge, it is not drafted to state facts that would be admissible into evidence, and it does not show affirmatively that the person executing the document is competent to testify to the facts stated. See Fed.R.Civ.P. 56(e). Nor does the Dennis East Letter even suggest that the "affidavit" should be completed by one who has personal knowledge of the matters supposedly averred.

Furthermore, the document itself is loaded with terms meant to convey legal significance but which are not defined or explained for the person completing the document. For example, each Defendant was asked to check a box corresponding to whether the Defendant derived "a substantial amount" of its revenue from goods sold or services rendered in Massachusetts. *Id.* Nowhere, however, does the document suggest what is meant by "substantial." Furthermore, the assertion is couched in the present tense – the Defendant "does" or "does not" derive such income from Massachusetts – without correlation of the Defendant's sales activities with respect to the more relevant time frame of when Defendant was selling the Infringing Items.[11]

Similarly ambiguous is the statement of whether the Defendant does or does not "regularly do or solicit" business in Massachusetts. *Id.* No definition or guidance apparently was provided to Defendants – nor, now, to the Court – as to how the party was to interpret "regularly." Was that intended to be each day, once a week, every month, once a year? We do know from the affidavits that many of the companies that indicated they did not "regularly" solicit business in Massachusetts do believe that they did sell Infringing Items in Massachusetts. See Defendants' Memo, Affidavit of Joseph C. Abate, attached "affidavits."

---

[11] This may partially explain why so many Defendants checked the box for "does not" derive substantial income from goods sold in Massachusetts but also checked the box for "did" sell infringing items in Massachusetts.

Furthermore, whether a company was "regularly" doing business in Massachusetts was to be considered by "excluding any Internet sales." See *id.* Given our current internet economy, it would appear that an assertion that one does not regularly solicit business in Massachusetts, "excluding any Internet sales," has little if any significance for determining whether one actually does regularly solicit business in the state. Certainly, if one regularly sells products in Massachusetts via the internet, one necessarily solicits sales in Massachusetts. Case law cited by Defendants is not to the contrary.

**IV.    In Any Event, The Contacts of Each Defendant With Massachusetts Are Sufficient For Specific Jurisdiction Over The Defendant Under Both The Massachusetts "Long-Arm" Statute and the United States Constitution.[12]**

As discussed below, regardless of the merits of the "affidavits," and even for those Defendants for whom no such document has been obtained, the facts that Plaintiff understands are not in dispute alone establish that this Court has jurisdiction over each Defendant.

**A.    The Harm That Plaintiff Suffered Arose Out Of Business That Each Defendant Transacted In Massachusetts So That Personal Jurisdiction Is Appropriate Pursuant to Section 3(a) Of The Massachusetts "Long-Arm" Statute.**

Defendants' argument that, with respect to each Defendant, its transaction of business within Massachusetts in connection with the injuries complained of in this litigation does not satisfy section 3(a) of the Massachusetts long-arm statute is frivolous.

The United States Court of Appeals for the First Circuit has made quite clear that "[b]oth federal and state courts have regularly construed the 'transacting any business' language of the

---

[12]    The Court of Appeals has established that this Court has three alternative standards that it may employ in assessing the merits of a motion to dismiss for want of personal jurisdiction. See *Boit v. Gar-Tec Products, Inc.,* 967 F.2d 671 (1st Cir. 1992). Absent further instruction from the Court, see *Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 148-49 and 151 (1st Cir. 1995), we understand that the Court will "consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* (quoting *Boit,* 967 F.2d at 145).

[long-arm] statute in a generous manner." *United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992). As the Court stated in *United Electrical Workers*, the defendants "need not have a physical presence in Massachusetts." *Id.* (citing *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 933 (1st Cir. 1985). The Court has indicated that the extent of a non-resident's involvement in the commonwealth's economic life is properly relevant to the constitutional element, rather than the statutory element, of the jurisdictional inquiry. *United Elec. Workers* at 1087. Therefore, "even somewhat exiguous acts on a defendant's part can, at times, suffice to satisfy the long-arm statute's threshold for transacting business." *Id.* (citing *Bond Leather Co.* at 933 (mailing four letters into Massachusetts); *Hahn v. Vermont Law School*, 698 F.2d 48, 51 (1st Cir. 1983) (mailing application information and acceptance letter to plaintiff in Massachusetts); *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 197 (1st Cir. 1980) (mailing two letters into Massachusetts that charged patent infringement and threatened litigation); and *Carlson Corp. v. Univ. of Vt.*, 380 Mass. 102, 402 N.E.2d 483, 485 (1980) (signing a contract in Massachusetts)). Indeed, this element of the jurisdictional analysis is so easily satisfied that the Court of Appeals summarily concluded that it was satisfied, without analysis, when a single representative of a defendant had only a single meeting in Massachusetts that may or may not have given rise to a confidentiality agreement that was allegedly violated by a contract with a Canadian third party to be performed in Canada. *See Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 143, 144 (1st Cir. 1995).[13]

---

[13] Because Plaintiff has at all relevant times resided in Massachusetts and she incurred her injuries here, section 3(d) of the long-arm statute also may apply. *See* Mass. Gen. L. ch. 223A, §3(d). The applicability of this section of the statute, however, cannot be determined without discovery on the jurisdictional issue. Thus, if the Court, notwithstanding the foregoing, were to determine that section 3(a) of the statute is not satisfied, Plaintiff requests discovery to determine whether, in addition to the transactions from which the instant claims arose, each non-resident Defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered," in Massachusetts.

**B.    Plaintiff's Claim Against Each Defendant Arises From The Defendant's Constitutionally Sufficient Minimum Contacts With Massachusetts.[14]**

This Court may assert specific jurisdiction over a Defendant where: (1) the cause of action arises directly out of, or relates to, the Defendant's forum-based contacts ("relatedness"); (2) the Defendant's in-state activities represent "a purposeful availment of the privilege of conducting activities in the forum state ("minimum contacts"); and (3) the exercise of the Court's jurisdiction is "reasonable." *Foster-Miller, Inc.*, 46 F.3d at 144.  The record already before the Court reveals that its jurisdiction over each Defendant in this matter is appropriate according to this standard.

Various conceptual tests have been developed for assessing whether the first requirement for jurisdiction, relatedness, is satisfied with respect to a specific claim.  For example, the Ninth Circuit has presented a "but for" test whereby a court is to look at whether the Plaintiff's injuries would have occurred absent the defendant's forum-related activities.  See *Alexander v. Circus Circus Enters., Inc.*, 939 F.2d 847, 853 (9th Cir. 1991).  The Sixth Circuit has inquired as to whether the cause of action has a "substantial connection" with the defendant's activities in the forum state.  See *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989).  The various elucidations of the appropriate standard by the Court of Appeals for this Circuit are similar, including the "but for" analysis and the assessment of whether the defendant's in-state activities "gave birth to" the cause of action.  See *United Elec. Workers*, 960 F.2d at 1089.

---

[14] Plaintiff here addresses only the issue of the Court's specific jurisdiction over Defendants.  See *Foster-Miller*, 46 F.3d at 144.  Whether the Court also has general jurisdiction over each Defendant can be determined only by an assessment of whether each Defendant has "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Id.*  The record in this matter obviously is insufficiently developed to assess such general jurisdiction regarding most Defendants.  If the Court finds that the record at this time is insufficient to support specific jurisdiction with respect to any Defendant, Plaintiff respectfully requests limited discovery on the issue of jurisdiction with respect to that Defendant, both specific and general.

9

That this action "relates" to those Massachusetts-based contacts of which we already are aware – each Defendant's purchase of Infringing Items from a Massachusetts co-infringer – is at the heart of the Complaint.  It cannot be contested that "but for" each Defendant's purchase of the Infringing Items in Massachusetts, this cause of action would not have occurred with respect to that Defendant.  Furthermore, it was each Defendant's decision to contract with a Massachusetts-based company to purchase Infringing Items from within Massachusetts with the intention to distribute them for resale in interstate commerce, with the assurance from the Massachusetts company provided under Massachusetts law that the Infringing Items were not, in fact, infringing, that ultimately gave rise to this cause of action.[15]

The second requirement, minimum contacts, is also satisfied.  We already know that, at a minimum, each Defendant purposefully and intentionally contracted with a Massachusetts-based company to provide the Infringing Items from Massachusetts.  These contacts, alone, would appear to be at least equivalent to those discussed in *Foster-Miller*, in which the Court of Appeals for this Circuit declared that minimum contacts were "not legitimately an issue" when the Defendant had "purposefully conducted business in the forum state" by voluntarily sending a representative to Massachusetts for a single meeting "for commercial advantage" after signing a confidentiality agreement in Canada with a Massachusetts company.  See 46 F.3d at 145

Finally, jurisdiction over each Defendant in this matter also is determined by weighing of the five "Gestalt" factors established by the Court of Appeals.  Under this phase of the analysis, this Court first is to assess Defendant's burden of appearing in this action.  See *Foster-Miller, Inc.*, 46 F.3d at 150.  In this case, that burden is truly minimal, as a single party, U.S. Fire Insurance Company, has agreed to indemnify and provide a defense for each Defendant through

---

[15]  We do not yet know which Defendants purchased the Infringing Items with knowledge that they, in fact, infringed rights in copyright.

a single, local law firm. See Exhibit A. As a result, the burden on each Defendant will actually be less in this action, conducted collectively in this Court, than if the Defendant is required to defend individually in a separate action in a separate court.[16]

Second, the Court needs to consider the interests of Massachusetts in adjudicating the dispute. See id. There can be little disagreement, however, that Massachusetts is the forum with the greatest interest in adjudicating the creative rights of one of its residents against infringers, wherever located, who purchased Infringing Items from a Massachusetts importer and distributor in reliance upon Massachusetts contracts with warranties provided by Massachusetts law. This factor also weighs heavily in favor of the Court's exercise of jurisdiction over each Defendant.

Third, this Court must consider Plaintiff's interest "in obtaining convenient and effective relief." Id. Plaintiff is a long-time Massachusetts resident. Obviously, this factor also weighs overwhelmingly in favor of the Court's jurisdiction over each Defendant.

The fourth factor, "the judicial system's interest in obtaining the most effective resolution of the controversy," id., perhaps weighs even more strongly in favor of the Court's exercise of jurisdiction. Simply, rejection by this Court of jurisdiction over a Defendant will only spawn a new lawsuit in another forum. There can hardly be a more efficient use of judicial resources with respect to multiple Defendants -- all of whom are alleged to have similarly harmed a single Plaintiff -- then to have them each indemnified by a single party and represented by a single local counsel before one court.[17] This same consideration also leads to the conclusion that the fifth and final factor – "the common interests of all sovereigns in promoting substantive social policies" – points to this Court's exercise of jurisdiction over each Defendant.

---

[16] We doubt that, under the circumstances, any non-resident Defendant will be required to make even a single appearance within this Court.

[17] Indeed, it is difficult to understand why U.S. Fire Insurance Company would want to try these cases in multiple forums, other than to make it as difficult as possible for Plaintiff to get full relief, regardless of the costs.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Dismiss and award to her the costs and fees incurred in connection with responding to that Motion.

Respectfully submitted,
The Plaintiff,
GERARDINE E. TILLEY,
By Her Attorney:

Dated:  September 10, 2004

/s/ James C. Duda
James C. Duda
 BBO No. 551207
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 781-2820
Fax: (413) 272-6253

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on September 10, 2004.

/s/ James C. Duda
James C. Duda